UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VAN PATRICK MACON, ET AL.                                                           PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:24-CV-807-DPJ-ASH

PHILADELPHIA POLICE DEPARTMENT, ET AL.                              DEFENDANTS

ORDER

Neshoba County, Patrick Burkes, Wade White, and Chris Collins seek judgment on the pleadings [36]. After entry of an Order to Show Cause [41], Plaintiffs Van Patrick Macon and Freddick E. Macon filed a response, to which Defendants replied. Resp. [46]; *see* Reply [48]. After considering the parties' submissions, the Court grants Defendants' motion [36].

I.    Background

Plaintiffs claim their son, Zykeus Macon, was the subject of state-court criminal proceedings. Am. Compl. [13] at 4. They allege that after they hired an attorney for Zykeus, Neshoba County officials, including Defendant Wade White, "lied and brought fake charges" against them. *Id.* Plaintiffs say they "never broke the law to be arrested or [indicted]" and they were "defamed by a corrupt police dept and [judicial] system." *Id.* at 5.[1] Plaintiffs characterize their lawsuit as a civil-rights complaint under 42 U.S.C. § 1983. *Id.* at 3.

---

[1] Plaintiffs, who are proceeding pro se, submitted multiple filings totaling over 100 pages that the Court has construed as amended complaints. *See* Compl. [1]; Documents [12]; Am. Compl. [13]; Am. Compl. [16]; *see also* Defs.' Mem. [37] at 1. As Defendants point out, the Court has no obligation to sift through pages and pages of exhibits "to consider whether a plaintiff states a claim." *Desoto Grp., LLC v. Linetec Servs., LLC*, 339 F.R.D. 249, 252 (S.D. Miss. 2021); *see* Defs.' Mem. [37] at 2.

Neshoba County, Patrick Burkes, Wade White, and Chris Collins seek judgment on the pleadings under Rule 12(c).  Mot. [36].  Other defendants have been served but have not joined in the motion.[2]

II.     Standard

The standard of review under Rule 12(c) is "identical to the standard Rule 12(b)(6) motions to dismiss for failure to state a claim."  *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  Accordingly, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote omitted).  "This standard 'simply calls for enough fact to raise a reasonable expectation that

---

[2] Plaintiffs assert claims against White and Collins in their official capacities. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Both White and Collins are agents of Neshoba County. Defs.' Mem. [37] at 1 n.1, 15. While Neshoba County is not named as a defendant, movants describe the motion as being filed by Neshoba County, White, Collins, and Burkes. *Id.* at 1; *see* Mot. [36] at 1.

2

discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

The Macons are proceeding pro se. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But even with pro se pleadings, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Id.* (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

III.   Analysis

The moving Defendants offer differing reasons for dismissal. Their arguments will be taken in turn.

**Patrick Burkes.**  To begin, the docket reflects Patrick Burkes among the listed Defendants, but Defendants point out that Plaintiffs never named Burkes as a defendant. Defs.' Mem. [37] at 3. Plaintiffs do not say otherwise in their Response [46]. So, arguably, Plaintiffs concede any claims against Burkes. *See Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021) (stating that claims are abandoned when party fails to substantively brief them) (citing *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.")); *see* Reply [48] at 3.

Alternatively, Defendants submit that Burkes is entitled to qualified immunity. Again, Plaintiffs do not address this argument in their Response [46]. *See* Reply [48] at 3. Once a defendant raises the defense, "the 'plaintiff has the burden to negate the assertion of qualified immunity.'" *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (quoting *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009)); *see Santander v. Salazar*, 133 F.4th 471, 478 (5th Cir. 2025)

3

(noting it is "plaintiff's burden to demonstrate that qualified immunity is inappropriate at the motion to dismiss stage") (internal quotations and citation omitted). "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead '*facts* which, if proved, would defeat [the] claim of immunity.'" *Santander*, 133 F.4th at 478 (emphasis in original) (quoting *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023). Because Plaintiffs have not met their burden, the Court grants Defendants' motion for judgment on the pleadings as to any claim against Burkes.

***Chris Collins and Wade White.*** Plaintiffs sued Chris Collins and Wade White in their official capacities, thus suggesting that they are Neshoba County employees. Am. Compl. [13] at 3 (marking box "official capacity"). Defendants summarize the Complaint as making these allegations against White and Collins.

> "Wade White brought fake charges on my husband and me." Compl. [1] at 1.
>
> "Chris Collins & DA Steven Kilgore tricked my son Zykeus Macon to plea." Doc. [13-1] at 22 (attached to Am. Compl. [13]).
>
> "Chris Collins. He did a illegal plea deal with our son Zykeus Macon." *Id.* at 23; *see id.* (advancing additional allegations against Collins related to Zykeus Macon).
>
> "Wade White was took off the case conflict of interest." *Id.* at 50; *see id.* (alleging White's father built Plaintiffs' home in 2003 and White engaged in wrongdoing related to the loan).
>
> "2 days after hiring our son attorney, Shae Elliot, Rhonda Johnson, & Att. Wade White lied and brought fake charges on the Parents." Am. Compl. [16] at 4.

Defs.' Mem. [37] at 2–3 (unaltered); *see id.* at 3 n.6 and n.7.

Official-capacity claims are essentially claims against a governmental entity, and here, that is Neshoba County. *Id.* at 1 n.1 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting "an official-capacity suit is, in all respects other than name, to be treated as a suit against

the entity")). To succeed on their § 1983 official-capacity claim, Plaintiffs must plead "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). Defendants say Plaintiffs failed to meet this pleading burden, and the Court agrees. Defs.' Mem. [37] at 15.

Plaintiffs have not identified a policymaker or an official policy that was the "moving force" behind a violation of their constitutional rights. *Piotrowski*, 237 F.3d at 578. And their Response [46] makes only vague, general allegations. *See* Resp. [46] at 2 ("Our Complaint alleges specific facts that, if proven, would support claims for violation of our constitutional rights, including [INSERT CLAIMS HERE – e.g., false arrest, excessive force, illegal search, etc.]."); *see also* Reply [48] at 3–4.[3]

To state a claim, Plaintiffs would have to actually identify a policymaker or an official policy and state the facts supporting those averments. Because Plaintiffs have not done this, the Court grants Defendants' motion for judgment on the pleadings as to the official-capacity claims against White and Collins.[4]

**Leave to Amend.** When a plaintiff fails to meet the pleading requirements, the Court need not grant leave to amend if "the defect is simply incurable or the plaintiff has failed to plead

---

[3] It appears Plaintiffs used a form that prompted them to insert their specific allegations. In this form pleading, Plaintiffs do not allege any specific allegations. Resp. [46] at 2.

[4] Defendants raise additional arguments in their memorandum, including that Plaintiffs lack standing to assert claims on behalf of Zykeus Macon, Defs.' Mem. [37] at 2 n.3, Plaintiffs fail to allege a constitutional violation against Burkes, *id.* at 12–14, and Plaintiffs' claims are barred by *Heck, id.* at 16–18 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). As the Court has found adequate grounds to dismiss the claims against the movants, it will not delve into these alternative arguments. That said, Plaintiffs did not respond to any of these arguments, so they are arguably conceded. *See Houston*, 17 F.4th at 585; Reply [48] at 2–5.

with particularity after being afforded repeated opportunity to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)).  The decision "[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted).

Plaintiffs have presented multiple filings to the Court, but those filings still fall short. *See* Compl. [1]; Documents [12]; Am. Compl. [13]; Am. Compl. [16].  And when given an opportunity to file a late response to the motion for judgment on the pleadings, Plaintiffs still included scant factual detail. *See* Order [41]; Resp. [42].  Because of these repeated failures—and other dispositive arguments Plaintiffs left unaddressed—leave to amend is not appropriate.

## IV.   Conclusion

The Court has considered all arguments; those not addressed would not have changed the result.  For the reasons explained, Defendants' motion for judgment on the pleadings [36] is granted.

The remaining parties are directed to contact the chambers of United States Magistrate Judge Andrew S. Harris to set a telephonic-case-management conference.  Judge Harris can then decide if a continued stay of discovery is appropriate.  *See* June 3, 2025 Text-Only Order. [5]

**SO ORDERED AND ADJUDGED** this the 4th day of September, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[5] On June 5, 2025, the Court entered an Order [38] dismissing the Philadelphia Police Department.  Order [38] at 1 (granting unopposed motion to dismiss [30] and holding that a police department is not a political subdivision that can sue or be sued).  On June 26, 2025, Plaintiffs filed a "Response in Opposition to Motion Dismiss." Resp. [42].  Assuming this is a response to the earlier motion to dismiss [30], Plaintiffs' filing does not change the Court's conclusion.