UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VAN PATRICK MACON AND FREDDICK E. MACON                                      PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:24-CV-807-DPJ-ASH

PHILADELPHIA MS POLICE DEPARTMENT, ET AL.                                    DEFENDANTS

ORDER STRIKING AMENDED COMPLAINT [55]

Pro se Plaintiffs Van Patrick Macon and Freddick E. Macon filed this lawsuit in the Southern District of New York against a host of Mississippi defendants on November 19, 2024. Once the case was transferred here, the Court granted the Macons permission to proceed in forma pauperis and directed them to amend their complaint. The Macons complied, and on March 20, 2025, the Court directed the issuance and service of summonses. Following a round of dispositive motions, the claims against the Philadelphia Police Department, Wade White, Patrick Burkes, and Chris Collins were dismissed. The remaining defendants save Ronda Johnson have all filed answers. Elliot and Lyons Answers [32, 34, 35]; Houston Answer [39]; Kilgore Answer [25].[1] The undersigned then set the case for an omnibus hearing, which was held on October 29, 2025. On October 30, 2025, the Court entered a Rule 16(a) initial order and set the case for a December 16, 2025 telephonic case management conference.

On November 6, 2025, the Macons filed an Amended Complaint that, among other things, purports to resuscitate the claims against defendants who have already been dismissed. Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and provides

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or

---

[1] The Clerk of Court entered Johnson's default on July 7, 2025. Clerk's Entry of Default [45].

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .
>
> (2) Other amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendants' answers were filed and served more than 21 days ago, so the Macons needed either Defendants' "written consent or the court's leave" to amend their complaint. They obtained neither. The Court therefore sua sponte strikes the Amended Complaint [55].[2]

**SO ORDERED AND ADJUDGED** this the 10th day of November, 2025.

s/ <em>Andrew S. Harris</em><br>
UNITED STATES MAGISTRATE JUDGE

---

[2] Should the Macons wish to seek leave to amend their complaint, Local Rule 15 requires them to attach their proposed amended complaint to a motion for leave to amend.