UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VAN PATRICK MACON AND FREDDICK E. MACON                                    PLAINTIFFS

V.                                                              CIVIL ACTION NO. 3:24-CV-807-DPJ-ASH

PHILADELPHIA MS POLICE DEPARTMENT, ET AL.                                  DEFENDANTS

REPORT AND RECOMMENDATION

The Court held an omnibus hearing on October 29, 2025. Having considered the live testimony of pro se Plaintiffs Van Patrick Macon and Freddick E. Macon, along with all their filings in this case, the undersigned sua sponte recommends that the claims against Defendant Ronda Johnson[1] be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  Facts and Procedural History

The Macons' son, Zykeus Macon, was arrested by the Philadelphia Police Department (PPD) on January 5, 2022, on murder and other charges arising out of a December 27, 2021 shooting. On January 24, 2022, PPD officers arrested the Macons on charges that they tampered with Demandre Johnson, a witness to the shooting. Police learned of the alleged witness tampering when Demandre's grandmother, Defendant Ronda Johnson, and his attorney requested police speak to Demandre. *See* Compl. [1] at 5 ("[Detective Elliot] spoke with Demandre Johnson . . . after a request by his grandmother and his [a]ttorney . . . . Demandre told me that he was threatened by Fred and Van Macon into saying he was shooting a pink gun and that their son was not at the incident site."). The witness-tampering charges were ultimately dropped, and the Macons filed this lawsuit in the Southern District of New York on November 19, 2024. The case

---

[1] The spelling of Johnson's first name varies throughout the Macons' filings. The Court uses the spelling found on the docket sheet.

was later transferred here, and the Court granted the Macons permission to proceed in forma pauperis.

II.     Analysis

Because the Macons are proceeding IFP, their complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."[2] "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Macons' pleadings expressly invoke 42 U.S.C. § 1983 as the basis for their claims, including those against Johnson. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Hernandez v. Causey*, 124 F.4th 325, 334 (5th Cir. 2024) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "For a private citizen, such as [Johnson,] to be held liable under [§] 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). "Specifically, the plaintiff must allege an agreement between the private citizen[] and state actors to commit an illegal act." *Miller v. Dunn*, No. 24-10668, 2025 WL 32818, at *2 (5th Cir. Jan. 6, 2025).

---

[2] Section 1915(e)(2)(B) applies to non-prisoner IFP cases. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)).

The Macons' claim against Johnson is based on the fact that she and Damondre's attorney "got th[e legal process against the Macons] started" by requesting that police speak to Damondre. Tr. [53] at 40. Van Macon testified that "all [she] kn[e]w" about what Johnson did is that Detective Elliot's notes "just said, 'At the request of Ronda,' his grandmother, Ronda Johnson." *Id.* at 41; *see also* Van Macon Am. Compl. Ex. [13-1] at 27 ("[I]t was at [Ronda Johnson's] request to get the lie started on us parents."). Nowhere in the Macons' filings or their testimony at the omnibus hearing is there an allegation that Johnson's conduct was part of an agreement she had with state actors. Absent a plausible allegation of an agreement, Johnson cannot be liable to the Macons under § 1983.

III. Conclusion and Recommendation

The undersigned therefore recommends that the claims against Ronda Johnson be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district

court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of November, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
