UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VAN PATRICK MACON AND
FREDDICK E. MACON                                                                                    PLAINTIFFS

V.                                                              CIVIL ACTION NO. 3:24-CV-807-DPJ-ASH

PHILADELPHIA MS POLICE DEPARTMENT, ET AL.                              DEFENDANTS

ORDER

On November 12, 2025, Plaintiffs filed a two-page "motion to reinstate dropped defendants." Mot. [57]. They ask the Court to "reinstate" Eric Lyons, Shae Elliot, Wade White, Chris Collins, Patrick Burkes, Steven Kilgore, Sabrina Houston, and Rhonda Johnson. *Id.* at 1. In support, they say,

> These defendants were directly involved in the unlawful arrest, false imprisonment, defamation, and malicious prosecution as described in Plaintiffs' Amended Complaint filed contemporaneously herewith. Their reinstatement is necessary for a full and fair resolution of all claims pursuant to 42 U.S.C. § 1983 and applicable Mississippi law.

*Id.*

***Active Defendants.*** To begin, many of the Defendants that Plaintiffs seek to reinstate are still active on the docket; Plaintiffs' claims against Eric Lyons, Shae Elliot, Sabrina Houston, and Steven Kilgore are still pending. *See* Order [59] (summarizing allegations against Lyons, Elliot, Houston, and Kilgore following the Omnibus Hearing).

***Johnson.*** As to Rhonda Johnson, United States Magistrate Judge Andrew S. Harris entered a Report and Recommendation [58], recommending she be dismissed. Judge Harris explained that Plaintiffs invoked 42 U.S.C. § 1983 as the basis for their claims against Johnson. *Id.* at 2. But they failed to allege that Johnson, a private citizen, acted in concert with state actors. *Id.* at 3. Plaintiffs did not file an objection, and the Court adopted the well-reasoned,

unopposed Report and Recommendation [58].  Order [61].  Plaintiffs' request to reinstate Johnson is denied; they have not explained how they can maintain a § 1983 claim against her.

***Remaining Defendants.***  Finally, on September 4, 2025, the Court entered an Order [50] granting the motion for judgment on the pleadings filed by Patrick Burkes, Wade White, and Chris Collins.  Plaintiffs' motion to reinstate these Defendants is construed as a motion for reconsideration under Federal Rule of Civil Procedure 54(b).  "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action."  *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up) (citing Fed. R. Civ. P. 54(b)).

In its Order, the Court found it questionable whether Plaintiffs had named Burkes as a Defendant but, assuming they had, they also failed to respond to his argument that he was entitled to qualified immunity.  Order [50] at 3–4; *see Santander v. Salazar*, 133 F.4th 471, 478 (5th Cir. 2025) (noting it is "plaintiff's burden to demonstrate that qualified immunity is inappropriate at the motion to dismiss stage") (internal quotations and citation omitted).  Plaintiffs have not advanced factual or legal arguments in their motion to reinstate that alter the Court's conclusion.

As to White and Collins, the Court noted that Plaintiffs had sued them in their official capacity.  Order [50] at 4; *see* Am. Compl. [13] at 3 (marking box "official capacity").  But to maintain an official-capacity claim, which is essentially a claim against a governmental entity, Plaintiffs must plead "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978)).  And Plaintiffs did not identify a policymaker or an official policy that was the "moving force" behind

a violation of their constitutional rights.  *Id.*; *see* Order [50] at 5.  Again, Plaintiffs have not advanced factual or legal arguments in their motion to reinstate that alter the Court's conclusion.

***Conclusion.***  The Court has considered all arguments raised by Plaintiffs; those not specifically addressed would not have changed the result.  Plaintiffs' motion [57] is denied.

The claims against White, Collins, Burkes, and Johnson remain dismissed.  The claims against Lyons, Elliot, Houston, and Kilgore—none of which were previously dismissed—remain pending.

**SO ORDERED AND ADJUDGED** this the 2nd day of December, 2025.

                                                  s/ *Daniel P. Jordan III*
                                                  UNITED STATES DISTRICT JUDGE