```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

VAN PATRICK MACON, ET AL.                                    PLAINTIFFS

V.                                         CIVIL ACTION NO. 3:24-CV-807-DPJ-ASH

PHILADELPHIA POLICE DEPARTMENT, ET AL.                       DEFENDANTS

ORDER

Defendant District Attorney Steven Kilgore moves to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(6) and 12(c). Plaintiffs Van Patrick Macon and Freddick E. Macon have not responded in opposition, and the time to do so has passed. Having considered the argument raised, the Court finds Defendant's motion [67] should be granted.

I.      Background

On November 12, 2025, United States Magistrate Judge Andrew S. Harris entered an Omnibus Order Clarifying Plaintiffs' Claims [59]; the Court relies on that Order.

> The Macons' son, Zykeus Macon, was arrested by the Philadelphia Police Department (PPD) on January 5, 2022, on murder and other charges arising out of a December 27, 2021 shooting. On January 24, 2022, PPD arrested the Macons on charges that they tampered with a witness to the shooting. A grand jury in Neshoba County, Mississippi, ultimately returned an indictment charging them with witness tampering on December 15, 2022. The charges against the Macons were dropped in September 2023.

Order [59] at 1 (footnote omitted). "The Macons' claims against Kilgore, the Neshoba County district attorney, center on his conduct in obtaining indictments against them and continuing to prosecute them until the charges were ultimately dropped." *Id.* at 3. Plaintiffs characterize their lawsuit as a civil-rights complaint under 42 U.S.C. § 1983. Am. Compl. [13] at 3. And Defendant Kilgore seeks dismissal of all claims. Mot. [67].

II.      Standard

Kilgore cites Rule 12(b)(6) in his motion, Mot. [67] at 1, and Rules 12(c) and 12(b)(b) in his memorandum, Mem. [68] at 2–3.  Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed.  The standard of review under Rule 12(c) is "identical to the standard Rule 12(b)(6) motions to dismiss for failure to state a claim."  *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  Accordingly, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote omitted).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

III.     Analysis

     A.     Official-Capacity Claims

Plaintiffs appear to advance a § 1983 claim against Kilgore in his official capacity. *See* Am. Compl. [13-1] at 26. Kilgore says any official-capacity claims are barred by Eleventh Amendment immunity. Mem. [68] at 4.

The Eleventh Amendment to the United States Constitution "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "This is a jurisdictional bar that, absent waiver, prohibits a federal court from hearing a claim against a state and its agencies and instrumentalities, whether based on federal or state law and regardless of the nature of the relief sought." *Ramsey v. Smith*, No. 1:19-CV-54-HSO-RHW, 2020 WL 6038056, at *3 (S.D. Miss. Apr. 28, 2020), *report and recommendation adopted*, 2020 WL 4053728 (S.D. Miss. July 20, 2020) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984)).

"In Mississippi, district attorney offices are state-funded, and the district attorneys' authority extends to statewide concerns." *Id.* at *4 (citing *Chrissy F. by Medley v. Miss. Dept. of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991)). "Thus, Mississippi district attorneys are state officials entitled to Eleventh Amendment immunity." *Id.* Plaintiffs' official-capacity claims against Kilgore are barred by the Eleventh Amendment.[1]

---

[1] Kilgore also points out that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see* Mem. [68] at 6. This argument also supports dismissal.

B.	Individual-Capacity Claims

To begin, it is not clear whether the Macons assert claims against Kilgore in his individual capacity. *See* Am. Compl. [13-1] at 26 (listing Kilgore as a defendant and noting "Official Capacity"). Even assuming they do, the claims should be dismissed based on prosecutorial immunity. *See* Mem. [68] at 6–8; *see also Ramsey*, 2020 WL 6038056, at *1 (finding prosecutorial immunity barred individual-capacity claims).

"Prosecutors are absolutely immune from liability for initiating prosecutions and other acts 'intimately associated with the judicial phase of the criminal process.'" *Johnson v. Kegans*, 870 F.2d 992, 996 (5th Cir. 1989) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "The immunity applies to the prosecutor's actions 'in carrying the case through the judicial process.'" *Ramsey*, 2020 WL 6038056, at * 4 (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)). It shields prosecutors even when they act maliciously, wantonly or negligently." *Id.*

The Macons' claims "center on [Kilgore's] conduct in obtaining indictments against them and continuing to prosecute them until the charges were ultimately dropped." Order [59] at 3. Thus, Kilgore's actions were "intimately associated with the judicial phase of the criminal process," and he is entitled to prosecutorial immunity. *Imbler*, 424 U.S. at 430.

Alternatively, Kilgore says he is entitled to qualified immunity. Once a defendant raises the defense, "the 'plaintiff has the burden to negate the assertion of qualified immunity.'" *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (quoting *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009)); *see Santander v. Salazar*, 133 F.4th 471, 478 (5th Cir. 2025) (noting it is "plaintiff's burden to demonstrate that qualified immunity is inappropriate at the motion to dismiss stage" (internal quotation marks and citation omitted)). "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead '*facts* which, if

proved, would defeat [the] claim of immunity.'" *Santander*, 133 F.4th at 478 (emphasis in original) (quoting *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023)).  Plaintiffs have not responded to the motion, so they have not met their burden.  Plaintiffs' individual-capacity claims against Kilgore are dismissed.[2]

    C.    Leave to Amend

When a plaintiff fails to meet the pleading requirements, the Court need not grant leave to amend if "the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675–76 (2d Cir. 1991)).  The decision "[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted).

Plaintiffs have presented multiple filings to the Court, Compl. [1]; Documents [12]; Am. Compl. [13]; Am. Compl. [16], and they had a chance to clarify their claims at the October 29, 2025 Omnibus Hearing before Judge Harris.  Plaintiffs have been given multiple opportunities to present their best case; leave to amend is not appropriate.

---

[2] Kilgore also believes Plaintiffs' claims are barred by *Heck*.  *See* Mem. [68] at 11–12 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).  As the Court has found adequate grounds to dismiss the claims, it will not delve into this alternative argument.  That said, Plaintiffs did not respond to any of Kilgore's arguments, so they are arguably conceded.  *See Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021) (citing *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.")) (stating that claims are abandoned when party fails to substantively brief them).

IV.     Conclusion

The Court has considered all arguments raise; those not addressed would not have changed the result.  For the reasons stated, Kilgore's unopposed motion to dismiss [67] is granted.

**SO ORDERED AND ADJUDGED** this the 14th day of January, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
